UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JO ANN CURRIE,

        Plaintiff,

    v.

ALPHA THERAPEUTIC CORPORATION,

        Defendant.

CASE NO. C05-2115JLR

ORDER

    The court is in receipt of Plaintiff's response to the court's prior order to show cause (Dkt. ## 31, 32). Plaintiff's submissions confirm that her suit is barred by res judicata for the reasons stated below.[1]

    "The threshold requirement of res judicata is a final judgment on the merits in the prior suit. Once that threshold is met, res judicata requires sameness of subject matter, cause of action, people and parties, and the quality of the persons for or against whom the claim is made." Hisle v. Todd Pacific Shipyards Corp., 93 P.3d 108, 114 (Wash. 2004). (internal quotation and citation omitted). Here, Plaintiff's exhibits to her application to proceed in forma pauperis (Dkt. ## 2-11) indicate that she has filed similar complaints derived from the same transactional nucleus of facts against Defendant Alpha Therapeutic

---

[1] Where a court has notice of a prior ruling, the court of its own accord may raise the issue of res judicata in order to avoid unnecessary judicial waste. See State of Arizona v. State of California, 530 U.S. 392, 412 (2000); Hawkins v. Risley, 984 F.2d 321 (9th Cir. 1993) (court may raise res judicata issue sua sponte so long as the parties have an opportunity to address the issue prior to a ruling).

ORDER - 1

1 Corporation in King County and Snohomish County Superior Courts – both of which were
2 dismissed with prejudice and affirmed on appeal to the Washington State Court of
3 Appeals (Dkt. # 9).  A dismissal with prejudice constitutes a final judgment on the merits.
4 Id. at 114 n.10.  That Plaintiff failed to raise *all* potential claims arising from her dealings
5 with the Defendant's plasma center during the course of litigating her two suits in state
6 court does not change this result.  Roberson v. Perez, 123 P.3d 844, 848 n.7 (Wash. 2005)
7 ("Res judicata, or claim preclusion, prevents the same parties from litigating a second
8 lawsuit on the same claim or any other claim arising from the same transaction or series of
9 transactions that could have been, but was not, raised in the first suit.") (citation omitted).

10  For the reasons stated above, the court DISMISSES the action with prejudice.
11  Dated this 27th day of June, 2006.

JAMES L. ROBART
United States District Judge

ORDER - 2